(55 Misc. Rep. 55.)

### PEOPLE v. SOMMER.

(Court of General Sessions, New York County. June, 1907.)

1. TRADE-MARKS AND TRADE-NAMES—INFRINGEMENT—CRIMINAL PROSECUTIONS.

Laws 1896, p. 996, c. 933, § 1, provides that any person engaged in bottling or selling soda, mineral, or aërated waters, etc., in bottles, siphons, etc., with his name or other mark stamped thereon, may file with the county clerk a description of the name or mark, and provides for a certain publication of such description. Section 2 (page 997) declares it to be unlawful for any person to fill with soda, etc., waters, any bottle, siphon, etc., so marked or distinguished, or to give or traffic in the same, without the written consent of, or unless the same shall have been purchased from, the person whose name or mark shall be on the bottle, siphon, etc. Section 3 (page 998) provides that the use by any person other than the one whose name or mark shall be on such bottle, siphon, etc., without such written consent or purchase shall be presumptive evidence of such unlawful use, and that the possession by any junk or second-hand dealer of any such bottles, siphons, etc., shall be presumptive evidence of such unlawful use. *Held*, that the mere possession by defendant, whose business it was to fill siphons with aërated water for dealers, of a box of siphons found near the filling machine, but not shown to have been filled by him, was not a use of such siphons, and hence was insufficient to support a conviction, since, defendant not being a junk or second-hand dealer, mere possession of the bottles was not presumptive evidence of unlawful use.

2. STATUTES—CONSTRUCTION—STRICT CONSTRUCTION.

Statutes passed in the exercise of the police power of the state restricting and regulating property rights or the pursuits of lawful occupations and callings should be construed strictly.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, § 320.]

Joseph Sommer was convicted of a violation of Laws 1896, p. 996, c. 933, to protect the owners of bottles, siphons, etc., and he appeals. Reversed.

Alexander A. Mayper, Deputy Asst. Dist. Atty., for respondent.
Aaron A. Feinberg, for appellant.

ROSALSKY, J. This is an appeal from a judgment of a city magistrate, convicting the defendant of a violation of section 2 of chapter 933, p. 997, of the Laws of 1896, in "that the defendant did on the 6th day of December, 1906, unlawfully fill, use, buy, sell, give, take, or otherwise dispose of and traffic in said six siphons at the city and county of New York, in the county and state of New York, which

and each of which said six siphons were and was so marked and distinguished with and by the name, marks, and devices of the said corporation, to wit, 'Carl H. Schultz,' of which a description had been so filed and published as aforesaid, and upon which each of said siphons there was therein and thereon the said name, marks, and devices of said corporation, contrary to and in violation of law." To sustain the charge against the defendant, one John Keidel, employed by the Bottlers' Exchange, testified that on the 6th day of December, 1906, he entered the premises No. 234 Henry street, borough of Manhattan, county of New York, and, in the absence of the defendant, "found a box near the filling machine containing six Schultz's syphons and three Light's," and also that he was not present when the bottles were filled with seltzer. The defense established that the defendant was engaged in the business of filling siphons with aërated water for other dealers, and not for himself. The siphons which were to be filled with aërated water were brought to the defendant's place of business by dealers engaged in the business of selling and trafficking in the water, and at times the boxes contained siphons filled with aërated water.

Section 3 of this statute provides:

"That the use by any person other than the person or persons, corporation or corporations, whose device, name or mark shall be or shall have been upon the same without such written consent or purchase as aforesaid, of any such marked or distinguished bottle, box, siphon, tin or keg, a description of the name, mark or device * * * as herein provided, for the sale therein of soda waters * * * shall, and is hereby declared, to be presumptive evidence of the said unlawful use, purchase and traffic in of such bottles, boxes, siphons, tins or kegs."

Another section of this subdivision declares:

"Or the having by any junk dealer or dealers in second-hand articles, possession of any such bottles, boxes, siphons * * * shall, and is hereby declared, to be presumptive evidence of said unlawful use, purchase and traffic in of such bottles, boxes, siphons, tins or kegs."

It will therefore be observed that, with reference to a junk dealer or dealers in second-hand articles, the possession of a bottle or siphon is to be deemed presumptive evidence of said unlawful use, whereas, as to any other person, the use of a bottle is to be deemed presumptive evidence of the unlawful use, purchase, and traffic in such bottles, siphons, etc.

Although the magistrate's return shows that the defendant did have in his possession "six siphons filled with some beverage," it is not contended that the defendant is guilty of the charge of having in his possession filled siphons, and properly so, because possession (by the defendant) of filled siphons, under the act, is no crime, unless by a junk dealer or a dealer in second-hand articles, and it is not claimed that the defendant is a junk dealer or a dealer in second-hand articles. Therefore the question to be determined is whether the defendant did fill, use, buy, sell, give, take, or otherwise dispose of, or traffic in, said six siphons so marked with the name and device of the corporation "Carl H. Schultz," in violation of law. It nowhere appears from the record that the defendant did any one of the things enumerated above. The term "use" is defined in the Standard Dictionary as follows:

"The act of using; employment, as of means or material for a purpose; application to an end, particularly a good or useful end; as, the use of steam in navigation."

The term "use" is also defined by Webster as follows:

"The act of employing anything or applying it to one's service; application, employment, conversion to some purpose, as the use of a pen in writing."

It must necessarily follow, therefore, that to prove the use of a thing the use must be shown by an act of some kind, and the mere possession of a siphon or bottle does not prove the use of the same.

The Legislature evidently sought to make a distinction between the possession of siphons and their use; otherwise, it would not have employed the words in contradistinction to each other. The term "use" was advisedly adopted so as not to expose any person who was not a junk dealer, or a dealer in second-hand articles, to being subjected to a prosecution merely because he was in possession of a siphon. In order to hold such person answerable, he must have violated some one of the provisions set forth in this statute.

Statutes passed in the exercise of the police power of the state, restricting and regulating property rights or the pursuits of lawful occupations and callings, should be construed strictly. Matter of Jacobs, 98 N. Y. 98, 50 Am. Rep. 636; People v. Marx, 99 N. Y. 377, 2 N. E. 29, 52 Am. Rep. 34; Wynehamer v. People, 13 N. Y. 378.

The motion made by the learned counsel for the defendant to dismiss the charge for failure of proof should have been granted.

The judgment is therefore reversed.

Judgment reversed.